ACME HAY HARVESTING CO. *v.* MARTIN *et al.*

(*Circuit Court, N. D. Illinois.* January 9, 1888.)

PATENTS FOR INVENTIONS—NOVELTY—HAY-RAKES.

On a bill to restrain the infringement of a patent for the use of poles to guide horse hay-rakes, the proof showed that poles had long been used for that purpose. *Held*, that the patent was invalid for want of novelty.

In Equity. Bill for injunction.

Bill by plaintiff, the Acme Hay Harvesting Co., to restrain the infringement of a patent by the defendants.

*Peirce & Fisher*, for complainant.

*West & Bond*, for defendants.

BLODGETT, J. The bill in this case charges infringement by defendant of letters patent, No. 259,550, granted to Martin H. Kenaga, June 13, 1882, for "an improvement in horse hay-rakes," and asks for an injunction, and an accounting for damages. The defendants do not deny the complainant's title, and only contend—*First*, that the complainant's patent is invalid for want of novelty in the device therein shown; and, *second*, that the defendants do not infringe. The invention covered by this patent relates "to horse hay-rakes, or sweeps, of the class employed

in connection with stackers, and particularly to those rakes of this class which are drawn by horses hitched one at each end." It appears from the proof in this case, and this patentee recognizes it in his specifications that horse hay-rakes, or sweeps, mounted upon wheels or runners, with such length of axle as to carry a rake-head of from 10 to 12 feet in length, furnished with teeth for gathering the hay, so as to collect the hay upon a wide swath, by means of a horse attached to each end of such sweep, or hay-gatherer, were old when this inventor entered the field. It seems from the proof that this class of hay-gatherers are used principally either in connection with a "stacker" or for the purpose of hauling the hay to the place where it was to be placed upon the stack by means of pitchforks in the hands of workmen; and these old devices, as well as the device covered by this patent, are specially adapted for use in large fields, or upon the prairie where it is expected to stack the hay in the immediate vicinity of the meadow from which it is mown. The invention covered by this patent consisted in attaching to each end of the rake-head a pole, or tongue, whereby the movement of the rake could be to some extent guided, and by means of which the rake could be moved backward so as to unload the gathered hay from the rake by drawing the teeth from under the pile. In the old devices, the horses were hitched to the end of the rake, usually by a whiffletree attached to the extremity of the axle extending beyond the outer end of the hub of the wheel, so as to give opportunity for connecting the axle with the wiffletree, thus enabling the horses to travel clear of the rake teeth. The horses were ridden by boys, and the rake was guided by the movement of the horses, and when a load had been accumulated upon the rake teeth the rake was not dumped, but the horses were wheeled about, one to the right and the other to the left, so as to move in the opposite direction from that in which the hay had been gathered, and the rake thereby drawn backward so as to withdraw the teeth from the pile of hay that rested upon them. Kenaga attached to each end of his rake-head a bar to which the wiffletree was attached, and also a tongue or pole, projecting forward in order to fasten the breast-strap from the horses' hames or collar to it for the purpose of aiding the horses in guiding the movements of the rake; and also to furnish means by which the horses could back the rake, when it was desired to do so, either for the purpose of unloading or for any other reason; and it is the addition of this pole to the old form of sweep, or hay-gatherer, that is covered by this patent. The patent also shows a seat placed upon the rake-head where the driver can ride and guide the horses; but the claim of the patent only covers the attachment of these two guiding poles to the rake-head and does not cover either the seat or wiffletree bar.

The proof shows that it was old to use poles, or thills, for the purpose of guiding horse-rakes, as well as nearly every other class of vehicles mounted upon wheels to be drawn or propelled by animal power; and it seems quite clear that if it was found desirable in use to have some device attached to these rakes by which they could be backed from under the accumulated load, there was no invention in attaching a pole or tongue to

a rake-head for that purpose. The tongue of the horse-rake, for the purpose of guiding or backing the machine, was an old and well-known device. The probability is that in the earlier rakes of this description, such as that shown in the Hudson patent of September, 1869, and of which complainant's patent was an improvement, it was not deemed desirable to apply any device for backing, as those rakes were organized and handled mainly by means of a boy mounted upon each horse, and the rake was guided by the movements of the respective horses; and the backing or reverse movement now accomplished by means of this pole was, as it was thought, sufficiently provided for by simply swinging the horses around so as to reverse their direction of travel, and thereby draw the rakes back instead of pushing them back by means of a tongue or pole. If a person using such a rake conceived the idea that it would be more convenient to handle the rake to some extent by means of a guiding-pole, or backing-pole, like that shown by this patent, it seems to me that with the common knowledge which exists among all those who have been in the habit of using horse-rakes that they had been backed, and guided by means of a pole, there was no invention in applying a pole to rakes of this kind for that purpose. It appears quite clearly, I think, from the proof that hay-gatherers with poles have substantially superseded the older form; and I should say from the evidence that they are shown to be a manifest improvement upon the older form; but all improvement is not invention. With the well-known advantages in the ordinary horse-rakes of guiding and backing them by means of a pole, there could, it seems to me, be no invention in merely adapting from the older form of rakes this well-known element; and all that can be said is that the earlier forms of this sweep, or hay-gatherer, were incomplete until the pole was attached. The Hudson rake of 1869 contained in its drawings and specifications the suggestion of a pole, but no provision was made for attaching the pole to the hame, or collar of the horse, so as to enable him to use it for the purposes of backing, its function or office in the Hudson organization seeming to be merely to enable the rider of the horses to lift the teeth of the rake from obstructions by means of these "levers" as they are called; but from the evidence as to the manner in which the old rakes were used. I think it must be manifest that they aided to some extent in the guiding of the horses, because as the horses were hitched outside of these levers as they projected forward parallel, or nearly so, with the rake teeth, when it was desired to swing the machine around, or turn, it either completely about or half-round, or considerably vary its course, the slacking or stopping of one horse, and swinging the other in the direction in which it was desired to turn, of course produced the desired movement of the machine, and the horse describing the circle, or the arc of a circle, in which the machine traveled would be kept from stepping upon the rake teeth, and in a certain sense kept to his work by means of these levers extending along his side; while the horse standing nearly still, or slacking his movement, would be also guided by the movement of the lever along his side so as to correspond with the movement of the other end of the rake. While I am clear that it did not require

invention to take the pole from the wagon, or mowing-machine, or horse-rake, or cultivator, in use before the device covered in this patent was shown, there was still less invention, as it seems to me, required to convert the suggestion of the usefulness of the pole in the Hudson rake into the pole shown in the complainant's patent, than would be necessary had there been no Hudson rake in the prior art. In other words, it seems to me that without the Hudson rake and its levers, intended to specially aid in lifting its teeths over obstructions, there would have been no invention in applying the pole to the rake if a pole was found desirable for any purpose; yet, with the Hudson rake in the field, there was, certainly no invention in applying a breast-strap from the collar of the horse to the forward end of it to use it for the purpose of guiding the machine, or backing it as is done in the complainant's patent. Hudson, it seems to me, could not have sustained a claim for a guiding-pole to his rake as a new invention, or even as a combination, because guiding-poles were old; and, if he could not have done so, certainly Kenaga cannot be allowed to do so.

It seems to me, therefore, that the defense of want of novelty is fully established by the proof in this case, and that this bill should be dismissed because of the invalidity of the patent.